UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ROLAND,

    Petitioner,               Case No. 14-14540

v.                        HON. AVERN COHN

O T WINN,

    Respondent.
_____/

## MEMORANDUM AND ORDER DISMISSING THE PETITION
## AND
## DENYING A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Kevin Roland, ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts (1) the trial court erroneously calculated the sentencing guidelines, and (2) the trial court based findings at the sentencing hear that were not proven beyond a reasonable doubt. As will be explained, neither claim raises a ground upon which habeas relief may be granted. Accordingly, the petition will be dismissed.

II. Background

According to the portions of the state court record attached to the petition, Petitioner was initially charged with murder for the killing of his uncle. Before trial, Petitioner pled guilty to the lesser charge of voluntary manslaughter and was sentenced as a habitual felony offender to a prison term of 142-to-270 months. Petitioner appealed his sentence, raising the claims presented in this petition. Initially, the Michigan Court of Appeals remanded for recalculation of the sentencing guidelines. People v. Roland, No. 313071 (Mich. Ct. App. Oct. 17, 2013). After resentencing, the state appellate courts denied relief. People v.

Roland, 495 Mich. 979 (2014).

## II. Analysis

### A.

Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. In this Circuit, a district court has a duty to screen and dismiss a petition that on its face does not entitled a petitioner to relief. See Allen v. Perini, 424 F. 3d 134, 140-41 (6th Cir. 1970).

### B.

Petitioner's first claim challenges the computation of the sentencing guidelines. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (quoting 28 U.S.C. § 2254(a)). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Claims concerning the improper application of sentencing guidelines are state-law claims not cognizable in habeas corpus proceedings. See Hutto v. Davis, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); Austin v. Jackson, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). As a consequence, Petitioner has no viable federal claim directly arising out of the alleged

sentencing errors.

Petitioner's second claim asserts that the trial court violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. This claim is based on a series of Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Apprendi enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of Blakely, the Supreme Court applied the rule of Apprendi to a state sentencing guideline scheme. Blakely concerned the State of Washington's determinate sentencing system, which allowed a trial court to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial court found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. Blakely, 542 U.S. at 30. See also Booker, 543 U.S. at 233 (applying Blakely rule to mandatory federal sentencing guidelines); Cunningham, 549 U.S. at 272-73 (addressing the California determinate sentencing system).

Unlike the State of Washington's determinate sentencing system struck down in Blakely, the State of Michigan has an indeterminate sentencing system in which the

defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial court; it is set by law. See People v. Drohan, 715 N.W.2d 778, 789-91 (Mich. 2006) (citing Mich. Comp. Laws § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. Id. The Sixth Circuit has held that the Michigan indeterminate sentencing system does not run afoul of Blakely. See Chontos v. Berghuis, 585 F.3d 1000, 1002 (6th Cir. 2009). As such, Petitioner's second claim does not form the basis for habeas relief.

IV. Conclusion

For the reasons stated above, the petition is DISMISSED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: December 16, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 16, 2014, by electronic and/or ordinary mail.

                                        S/Sakne Chami
                                        Case Manager, (313) 234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.